IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GARY JACKSON                                                    PLAINTIFF

V.                                          NO. 5:18-CV-13-DCB-MTP

MONSANTO COMPANY, SOLUTIA, INC.,
PHARMACIA, LLC f/k/a PHARMACIA
CORPORATION, PFIZER, INC.,
TEXAS EASTERN TRANSMISSION CORPORATION,
TEXAS EASTERN TRANSMISSION, LP,
PANENERGY CORP., DUKE ENERGY CORPORATION,
SPECTRA ENERGY CORPORATION, and
JOHN DOES 1-100                                                DEFENDANTS

ORDER AND OPINION

The Court, on its own motion, addresses its subject-matter jurisdiction. For the reasons that follow, the Court orders the parties to brief the question whether the jurisdictional spoiler, Texas Eastern Transmission, LP, is a dispensable party the Court may drop from this action under Federal Rule of Civil Procedure 21 and Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989).

Background

Gary Jackson says he developed a rare form of cancer called chondrosarcoma because his former employer, Texas Eastern Transmission Corporation, exposed him to Monsanto-manufactured products containing polychlorinated biphenyls (PCBs).

Invoking the Court's diversity jurisdiction, Jackson sued Texas Eastern Transmission Corporation, Monsanto Company, and the corporate successors of each.[1] See Doc. 2.

Jackson is a Mississippi citizen. See Doc. 2, ¶1. His complaint alleges that no defendant shares his Mississippi citizenship. See Doc. 2, ¶¶1-10. But in a pending motion, Texas Eastern Transmission, LP, corporate successor of Texas Eastern Transmission Corporation, asserts that it is a Mississippi citizen.[2] See Docs. 18, 19. Texas Eastern points to its Mississippi citizenship and moves the Court to dismiss it from this action for lack of subject-matter jurisdiction. See Doc. 18.

---

[1] According to Jackson's complaint, the corporate successors of Monsanto Company are Solutia, Inc., Pharmacia, LLC f/k/a Pharmacia Corporation, and Pfizer, Inc.

[2] Texas Eastern Transmission, LP says that it is a Mississippi citizen because one of its general partners is a limited liability company with a Mississippi-citizen member. See Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016) (addressing the citizenship of unincorporated entities).

2

I

In support of its motion, Texas Eastern marshals an improper joinder opinion. See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193 (5th Cir. 2016). But this case is not about improper joinder, and this Court's jurisdiction was not invoked by the removal statute. See Doc. 1, ¶15; 28 U.S.C. § 1441.

Texas Eastern dwells on the improper joinder standard for non-merits dismissal of a defendant against whom the plaintiff has no possibility of recovering. And in so doing, Texas Eastern misses the antecedent jurisdictional question: Subject-matter jurisdiction over an action filed in a federal court that in fact lacked jurisdiction.

In Int'l Energy, a Texas consultant firm sued a Texas-citizen broker and a Chinese company in Texas state court. 818 F.3d at 198. The defendants removed on the basis of diversity, contending the non-diverse broker was improperly joined to defeat jurisdiction. Id. The plaintiff moved to remand. Id. The district court denied remand, concluded the non-diverse broker was improperly joined, and dismissed, under Rule 12(b)(6), the plaintiff's claims against the broker. Id. at 199. The plaintiff appealed. Id.

On appeal, a Fifth Circuit panel affirmed the district court's denial of remand but reversed its Rule 12(b)(6) dismissal of the

3

nondiverse, improperly joined broker. Id. at 213. The court emphasized that "the only ground for dismissing any improperly joined, nondiverse party is lack of subject-matter jurisdiction." Id. at 211. For a court cannot adjudicate the merits of a claim against a party over whom it lacks jurisdiction.

Texas Eastern's citizenship presents a different problem than the one addressed in Int'l Energy. That case was removed; this one was not. There, jurisdiction was measured as of removal; here, it is measured as of Jackson's filing of the complaint. In sum, if Texas Eastern is a Mississippi citizen, then the Court not only lacks subject-matter jurisdiction over Texas Eastern, the Court lacks subject-matter jurisdiction over this entire action.

II

The Court has subject-matter jurisdiction of suits between parties of diverse citizenship and in which more than $75,000 is in controversy. 28 U.S.C. § 1332(a)(1).

Jurisdiction is measured as of the date the complaint is filed. Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004). When a plaintiff invokes diversity jurisdiction and sues more than one defendant, "the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (citing Strawbridge v. Curtiss, 3 Cranch 267 (1806)).

4

Jackson sued in February 2018. See Doc. 1. At the time, Jackson and Texas Eastern were Mississippi citizens. So complete diversity did not and does not exist. Finding it never had subject-matter jurisdiction, the Court has two options: Dismiss this entire action without prejudice, or sever Texas Eastern, cure the defect in subject-matter jurisdiction, and keep the case.

III

Generally, a federal court cannot create its own jurisdiction. Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990). But the Federal Rules of Civil Procedure empower district courts to drop a party at any time. FED. R. CIV. P. 21. And the Supreme Court has construed Rule 21 to "invest district courts with authority to allow a dispensable nondiverse party to be dropped" to preserve subject-matter jurisdiction. Newman-Green, 490 U.S. at 832.

In an unpublished opinion, the Fifth Circuit endorsed the use of Rule 21 to "cure" jurisdiction that did not exist at the time the complaint was filed. See Jefferson v. Certain Underwriters at Lloyd's London, 658 F. App'x 738, 741 (5th Cir. 2016) (per curiam).[3]

---

[3] The Court recognizes that the Fifth Circuit's interpretation arguably permits a district court to use Rule 21 to create diversity jurisdiction in a way Congress has not authorized. See FED. R. CIV. P. 82 (The Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts."); Newman-Green, 490 U.S. at 840 (dissenting opinion of Kennedy, J., joined by Scalia, J.) ("Since dismissing a nondiverse party confers jurisdiction

5

Before ruling, the Court desires briefing on the question whether nondiverse defendant Texas Eastern Transmission, LP is a dispensable party the Court may drop from this action under Federal Rule of Civil Procedure 21 and Newman-Green.

Accordingly,

IT IS ORDERED that by no later than August 10, 2018 the parties submit briefing, not to exceed ten pages, on the question whether Texas Eastern Transmission, LP is a dispensable party the Court may drop from this action under Federal Rule of Civil Procedure 21 and Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989).

SO ORDERED, this the 26th day of July, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

retroactively on the district court, it is questionable whether relying on Rule 21 is consistent with Rule 82's clear admonition.").