IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GARY JACKSON                                                      PLAINTIFF

V.                                                    NO. 5:18-CV-13-DCB-MTP

MONSANTO COMPANY, SOLUTIA, INC.,
PHARMACIA, LLC f/k/a PHARMACIA
CORPORATION, PFIZER, INC.,
TEXAS EASTERN TRANSMISSION CORPORATION,
TEXAS EASTERN TRANSMISSION, LP,
PANENERGY CORP., DUKE ENERGY CORPORATION,
SPECTRA ENERGY CORPORATION, and
JOHN DOES 1-100                                                  DEFENDANTS

ORDER AND OPINION

  The Court, on its own motion, addresses the question whether it should cure the absence of diversity jurisdiction by dropping nondiverse defendant Texas Eastern Transmission, LP, formerly known as Texas Eastern Transmission Corporation ("Texas Eastern"), from this action under Federal Rule of Civil Procedure 21 and Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989).

## Background[1]

Gary Jackson sued Texas Eastern, Monsanto Company, and the corporate successors of each. Doc. 2. Although Jackson's complaint alleges jurisdiction based on diversity of citizenship, Jackson and the defendants are not completely diverse: Jackson and Texas Eastern are Mississippi citizens. See Doc. 2, ¶¶1-10 (Jackson alleges complete diversity); Docs. 18, 19 (Texas Eastern asserts it is a Mississippi citizen); Doc. 35-1 (Texas Eastern offers a declaration in support of its Mississippi citizenship).[2]

In a July 26, 2018 opinion, the Court decided it lacked diversity jurisdiction and directed the parties to brief the question whether Texas Eastern is a dispensable party the Court should drop from the action under Rule 21. See Doc. 32. The parties complied. See Docs. 36, 37, 38. Each party concludes that the Court can and should drop Texas Eastern from this action under Rule 21. See Doc. 36, p.1 (Texas Eastern); Doc. 37, p.1 (Jackson); Doc. 38, p.1 (Monsanto defendants).

---

[1] The Court stated the facts of this case in detail in its July 26, 2018 opinion. See Doc. 32. This opinion states only the facts the Court needs to resolve the narrow jurisdictional question before it.

[2] Texas Eastern Transmission, LP is a Mississippi citizen because its general partner, Spectra Energy Transmission Services, LLC, is a limited liability company with at least one Mississippi-citizen member. Doc. 35-1, ¶¶4-9; Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016) (addressing the citizenship of unincorporated entities). Jackson's arguments to the contrary fail to persuade.

I

The Court may drop a party at any time on just terms. FED. R. CIV. P. 21. Rule 21 "invest[s] district courts with authority to allow a dispensable nondiverse party to be dropped" to cure the absence of subject-matter jurisdiction. Newman-Green, 490 U.S. at 832. The parties assert — and the Court agrees — that nondiverse defendant Texas Eastern is a dispensable party the Court may drop under Rule 21 and Newman-Green.

II

To decide if Texas Eastern is a dispensable party, the Court looks to Federal Rule of Civil Procedure 19 and considers two things. First — the Court asks whether Texas Eastern is a required party under Rule 19(a). Second — if Texas Eastern is a Rule 19(a) required party, but cannot be joined because its presence would destroy jurisdiction, the Court proceeds to Rule 19(b). The Court need not consider Rule 19(b) if Texas Eastern is not a required party under Rule 19(a). Temple v. Synthes Corp., 498 U.S. 5, 8 (1990).

Alleged joint tortfeasors are not required parties under Rule 19(a). Temple, 498 U.S. at 7. Joint tortfeasors are "two or more tortfeasors who contributed to the claimant's injury and who may be joined as defendants in the same lawsuit." Black's Law Dictionary 1718 (10th ed. 2014).

Jackson's complaint casts Texas Eastern and the Monsanto defendants as joint tortfeasors. See Doc. 2, ¶14. In particular, Jackson's complaint alleges that Texas Eastern's and Monsanto's conduct combined to cause Jackson to develop chondrosarcoma. See, e.g., Doc. 2, ¶59. Because Texas Eastern is an alleged joint tortfeasor, it is not a required party under Rule 19(a). See National Cas. Co. v. Gonzalez, 637 F. App'x 812, 815 (5th Cir. 2016) (per curiam) (applying Temple and holding that the district court abused its discretion when it determined that an alleged joint tortfeasor was a Rule 19(a) required party); August v. Boyd Gaming Corp., 135 F. App'x 731, 734 (5th Cir. 2005) (per curiam) (same).

III

Because nondiverse defendant Texas Eastern is a dispensable party, the Court elects to cure the absence of diversity jurisdiction by dropping Texas Eastern from this action under Rule 21 and Newman-Green. The Court retains jurisdiction over the remaining parties.

Accordingly,

IT IS ORDERED that defendant Texas Eastern Transmission, LP, formerly known as Texas Eastern Transmission Corporation, is DISMISSED from this action WITHOUT PREJUDICE under Federal Rule of Civil Procedure 21 and Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989).

FURTHER ORDERED that the motion to dismiss **[Doc. 18]** filed by defendant Texas Eastern Transmission, LP, formerly known as Texas Eastern Transmission Corporation, is DENIED as moot.

SO ORDERED, this the 15th day of August, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE