IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GARY JACKSON                                                    PLAINTIFF

V.                                              NO. 5:18-CV-13-DCB-MTP

MONSANTO COMPANY, SOLUTIA, INC.,
PHARMACIA, LLC f/k/a PHARMACIA
CORPORATION, PFIZER, INC.,
TEXAS EASTERN TRANSMISSION CORPORATION,
TEXAS EASTERN TRANSMISSION, LP,
PANENERGY CORP., DUKE ENERGY CORPORATION,
SPECTRA ENERGY CORPORATION, and
JOHN DOES 1-100                                                DEFENDANTS

ORDER AND OPINION

Monsanto Company, Solutia, Inc., Pharmacia, LLC f/k/a Pharmacia Corporation, and Pfizer, Inc. (collectively, "Monsanto") invoke Federal Rule of Civil Procedure 12(b)(6) and move the Court to dismiss counts I-VI of Gary Jackson's amended complaint. For the reasons that follow, the Court grants Jackson 14 days to file a second amended complaint tailoring his claims and allegations of product-based harm to the Mississippi Products Liability Act. See MISS. CODE ANN. § 11-1-63.

Background

This dispute arises from Gary Jackson's alleged exposure to Monsanto-manufactured products containing polychlorinated biphenyls (PCBs). Jackson alleges his exposure to PCBs from Monsanto products caused him to develop a rare form of cancer called chondrosarcoma.

For 15 years, Jackson worked as a pipeliner for Texas Eastern Transmission, LP.[1] Jackson's primary duty was to service Texas Eastern compressor stations that used Monsanto-manufactured PCB-based lubricant. According to Jackson, Texas Eastern began to "phase out" PCB-based lubricants in 1972, and in so doing, dumped hundreds of PCB-containing drums into landfills near compressor stations.

Jackson alleges Texas Eastern "intentionally forced" him to unearth PCB-containing drums from landfills. He also alleges he was exposed to Monsanto-manufactured PCB-based lubricants performing his daily duties: monitoring the compressors, removing pipeline liquids, and cleaning the compressor station.

Jackson sued Texas Eastern and Monsanto and invoked the Court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). Against Monsanto, Jackson alleges claims of negligence, strict

---

[1] Jackson's amended complaint refers to defendants Texas Eastern Corporation, Texas Eastern Transmission, LP, PanEnergy Corp., Duke Energy Corporation, and Spectra Energy Corp. collectively as "Texas Eastern."

2

liability, products liability, breach of warranty, negligent misrepresentation, and civil conspiracy.

Monsanto moves to dismiss Jackson's claims for failure to state a claim. Monsanto insists the Court "must" dismiss Jackson's product-based claims because Jackson's allegations do not track the Mississippi Products Liability Act. And it contends Jackson's conspiracy claim is not plausibly pleaded. Jackson opposes. He rejoins that his complaint need not cite the Mississippi Products Liability Act and he asks, in the alternative, for leave to amend.

I

To overcome Monsanto's motion, Jackson must plead a plausible claim for relief. Romero v. City of Grapevine, Tex., 888 F.3d 170, 176 (5th Cir. 2018) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Monsanto is liable for the misconduct alleged. Edionwe v. Bailey, 860 F.3d 287, 291 (5th Cir. 2017) (citing Iqbal, 556 U.S. at 678).

In ruling on Monsanto's motion, the Court accepts the amended complaint's well-pleaded facts as true and views them in the light most favorable to Jackson. Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018).

3

II

Because the Court's jurisdiction is based on diversity of citizenship, the Court applies Mississippi substantive law. Mid-Continent Cas. Co. v. Swift Energy Co., 206 F.3d 487, 491 (5th Cir. 2000) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

III

A

Monsanto urges the Court to dismiss Jackson's negligence, strict liability, breach of warranty, products liability, and negligent misrepresentation claims because each claim is "subsumed" by the Mississippi Products Liability Act.

The Mississippi Products Liability Act (MPLA) provides the exclusive remedy for a plaintiff suing a product's manufacturer, designer, or seller for damages caused by the product. MISS. CODE ANN. § 11-1-63. Common-law claims against manufacturers for product-based harms are no longer legally cognizable. Eliott v. El Paso Corp., 181 So. 3d 263, 269 (Miss. 2015).

Jackson's negligence, strict liability, breach of warranty, products liability, and negligent misrepresentation claims fall within the MPLA.[2] Each claim is asserted against Monsanto, a

---

[2] The Mississippi Legislature amended the MPLA during its 2014 regular session. The 2014 amendments, together with Eliott, confirm that the MPLA applies to all suits against manufacturers for product-based harm, even if

4

"manufacturer." See Lawson v. Honeywell Intern., Inc., 75 So. 3d 1024, 1028 (Miss. 2011) (defining "manufacturer" under the MPLA). And each claim alleges damage caused by Monsanto-manufactured products. Because these claims are covered by the MPLA, they are not cognizable outside of it. To avoid dismissal, Jackson must recast his common-law claims as MPLA claims.[3]

B

Next, Monsanto urges the Court to dismiss Jackson's civil conspiracy claim as improperly pleaded.

The elements of civil conspiracy are (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object, (4) an unlawful overt act, and (5) damages as the proximate result. Gallagher Bassett Servs., Inc. v. Jeffcoat, 887 So. 2d 777, 786 (Miss. 2004). Civil conspiracy is a derivative tort that cannot stand alone. Aiken v. Rimkus Consulting Grp. Inc., 333 F. App'x 806, 812 (5th Cir. May 26, 2009) (per curiam)

---

brought under strict liability, negligence, or breach of implied warranty theories. See 2014 Miss. Laws. Ch. 383 (H.B. 680).

[3] The MPLA authorizes claims for defective manufacture, MISS. CODE ANN. § 11-1-63(a)(i)(1), inadequate warning, MISS. CODE ANN. § 11-1-63(a)(i)(2), defective design, MISS. CODE ANN. § 11-1-63(a)(i)(3), and breach of express warranty, MISS. CODE ANN. § 11-1-63(a)(i)(4).

5

(unpublished). Jackson says his civil conspiracy claim is derivative of fraud.⁴

To allege a claim for civil conspiracy based on fraud, Jackson must identify the false statement on which the fraud is based. See Waggoner v. Denbury Onshore, L.L.C., 612 F. App'x 734, 739 (5th Cir. May 20, 2015) (unpublished) (per curiam). Jackson's complaint fails to do so; it instead alleges material misrepresentations of unspecified facts. If Jackson intends to advance a plausible fraud-based civil conspiracy claim, he must identify a false statement and allege the corporation with which Monsanto conspired. See Orr v. Morgan, 230 So. 3d 368, 375 (Miss. Ct. App. 2017) (a corporation cannot conspire with itself).

C

In his opposition papers, Jackson asks the Court for leave to file a second amended complaint. Monsanto counters that amendment would be futile. The Court disagrees.

A plaintiff should request leave to amend by separate motion, not in opposition to a motion to dismiss. See United States ex

---

⁴ The elements of fraud are "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." Watson Laboratories, Inc. v. State of Miss., 241 So. 3d 573, 594 (Miss. 2018) (en banc).

rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 387 (5th Cir. 2003). But Federal Rule of Civil Procedure 15(a) applies when a plaintiff "expressly requests" leave to amend, even if the request is not made by separate motion. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 701 (5th Cir. 1988). Jackson expressly requested leave to amend in his opposition, so Rule 15(a) applies.[5]

The Court should freely give leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Denial of leave to amend requires a "substantial reason." Jones v. Robinson Property Grp., L.P., 427 F.3d 987, 994 (5th Cir. 2005). Jackson's violation of a local rule is a technical reason — not a "substantial" one.[6] Monsanto has not shown that Jackson has pleaded his best complaint. Nor has it offered any legal reason why Jackson cannot plead his common-law claims as MPLA claims.

---

[5] Even if Jackson's request had not been "express," the Court would have granted him leave to amend. See, e.g., Robbins v. XTO Energy, Inc., 3:16-CV-793-S, 2018 WL 3130605, at *4 (N.D. Tex. June 26, 2018) (district court, on its own motion, may grant leave to amend).

[6] Rule 7(b)(3)(C) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi provides: "A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."

7

## IV

Justice requires that Jackson have an opportunity to file an amended complaint tailoring his allegations to the MPLA. The Court advises Jackson to pay careful attention to the types of claims cognizable under the MPLA and the requirements for pleading a civil conspiracy claim.

Accordingly,

IT IS ORDERED that Jackson is granted fourteen days from entry of this order to file a second amended complaint.

FURTHER ORDERED that if Jackson timely files a second amended complaint, Monsanto's motion to dismiss **[Doc. 16]** will be denied as moot. Monsanto may re-urge its motion after Jackson files a second amended complaint in accordance with Federal rule of Civil Procedure 12(b)(6).

SO ORDERED, this the 16th day of August, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE